IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY CASTELLANO, )
)
      Petitioner, )
)
v. ) No. 16 C 11487
)
MICHAEL MELVIN, )
)
      Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Petitioner Gregory Castellano's (Castellano) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

    In 2008, in Illinois state court, Castellano was convicted by a jury of murder and Castellano was sentenced to fifty-three years of imprisonment. Castellano filed an appeal, which was denied. Castellano filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, which was denied in September 2012. In March, Castellano filed a post-conviction petition, which was denied. The Illinois Appellate court affirmed the trial court, and in March 2016, the Illinois Supreme Court denied

1

the PLA. In October 2016, Castellano filed a motion for leave to file a post-conviction petition, which was denied. In December 2016, Castellano filed the instant Petition. Respondent has filed an answer and opposes the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Castellano's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Castellano asserts in the Petition: (1) his trial counsel was ineffective for stating in his opening statement that he would call an alibi witness and not doing so (Claim 1), (2) that his trial counsel was ineffective for failing to present Castellano's parents as alibi witnesses (Claim 2), (3) that his trial counsel was ineffective for failing to preserve a hearsay objection (Claim 3), (4) that his trial counsel was ineffective for failing to preserve a Confrontation Clause objection (Claim 4), (5) that his counsel was ineffective at a post-trial ineffectiveness hearing (Claim 5), (6) that his appellate counsel was ineffective (Claim 6), and (7) that the admission of certain statements violated the Confrontation Clause (Claim 7).

I. Procedurally Defaulted Claims

Respondent argues that Claims 3,4, 6, and 7 are procedurally defaulted.

A. Default

Respondent contends that Castellano failed to raise Claims 3,4, 6, and 7

through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record does not reflect that Castellano presented Claims 3,4, 6, or 7 in his PLA on direct appeal. (R Ex. N 2, 11). Further, the record does not indicate that Castellano presented Claims 3,4, 6, or 7 in his post-conviction petition. (R Ex. P 7). Castellano thus failed to present such claims through one complete round of the state court appellate process. Therefore, Claims 3,4, 6, and 7 are procedurally defaulted.

4

The court also notes that even if the claims were not procedurally defaulted, they lack any merit.

B.  Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 3, 4, 6, or 7. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Castellano has not provided facts showing that he was prevented from properly presenting Claims 3, 4, 6, or 7 in the

5

state system in order to avoid the procedural default. Castellano has not shown cause and prejudice. Nor has Castellano shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

II. Claim 5

As indicated above, Castellano contends in Claim 5 that his counsel was ineffective at a post-trial ineffectiveness hearing. As Respondent correctly points out, at a post-conviction hearing in state court on the issue of effectiveness of counsel, Castellano had no right to counsel. The state court's decision as to whether to grant counsel to Castellano at the ineffectiveness hearing was a matter of discretion accorded to the state court under state law. *See, e.g., People v. Simcox*, 2015 WL 1408540, at *4-*5 (Ill. App. Ct. 2015). Thus, Claim 5 is not cognizable for habeas review. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004)(stating that "[t]he remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene"); *see also Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016)(explaining that "[i]n those cases, the state court judgment rests on an independent and adequate state ground, and principles of comity and federalism dictate against upending the state-court conviction"). The court also notes that even if Claim 5 were a cognizable claim, it is factually baseless based on the record and lacks any merit.

III. Claims 1 and 2

Respondent argues that the state courts rejected Claims 1 and 2 on their merits and that Castellano has not shown that habeas relief is warranted on such claims. As indicated above, Castellano alleges in Claims 1 and 2 that his trial counsel was ineffective for stating that he would call an alibi witness in his opening statement and not doing so, and for failing to present Castellano's parents as alibi witnesses. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt*, 574 F.3d at 457-58 (citing *Strickland*, 466 U.S. at 687-88. On the post-conviction appeal, the Illinois Appellate Court applied the correct law and correctly found that Castellano's counsel acted within the scope of what constituted effective assistance of counsel when he decided not to call Castellano's parents as alibi witnesses as a matter of trial strategy. *See also McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). *People v. Castellano*, 2012 WL 6934931, at *3 (Ill. App. Ct. 2012). The mere fact that Castellano's counsel may have referenced alibi witnesses in his opening statement did not mean that, as the trial progressed, sound trial strategy warranted a change of plans. The Illinois Appellate Court properly noted that Castellano's counsel could have reasonably

7

believed that cross-examination at trial may have been sufficient alone to create reasonable doubt. Castellano's counsel could have reasonably concluded that the calling of the alibi witnesses was an unnecessary risk. *Castellano*, 2012 WL 6934931, at *3. Thus, Claims 1 and 2 lack any merit. Based on the above, the Petition is denied.

IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Castellano has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Castellano shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Castellano decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 30, 2017